CITIZENS INVESTMENT CO., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 9094, 20975.  Promulgated February 12, 1929.

Robert A. Littleton, Esq., and J. A. Councilor, C. P. A., for the petitioner.

Harry Leroy Jones, Esq., for the respondent.

#### OPINION.

MARQUETTE: These proceedings are for the redetermination of deficiencies in income and profits taxes asserted by the respondent in the amounts of $1,185.42 for the 10-month period ended December 31, 1919, $1,629.24 for the year 1920, and $14,655.16 for the year 1921. They arise from the respondent's disallowance of the petitioner's claim that it was affiliated with the Security National Bank of Sioux Falls, S. Dak., during the taxable periods mentioned.

Prior to February, 1919, there were in Sioux Falls, S. Dak., two banking institutions, the Security National Bank, organized under the banking laws of the United States, and the Security Trust & Savings Bank, organized under the laws of South Dakota. The capital stock of the Security National Bank was $200,000, divided into 2,000 shares of the par value of $100 each.

In the month of February, 1919, the Security National Bank decided to absorb the Security Trust & Savings Bank and take over its banking business. The process by which this was done consisted of increasing the capital stock of the Security National Bank by $50,000, and making its total capital $250,000, and issuing to the stockholders of the Security Trust & Savings Bank said $50,000 of new stock in exchange for the capital stock of the Security Trust & Savings Bank. After the Security National Bank became the owner of the capital stock of the Security Trust & Savings Bank, the banking business of the latter institution was moved into the banking house of the Security National Bank and entered on the books of that bank. The Security Trust & Savings Bank was soon thereafter dissolved. Shortly after the transaction by which the Security National Bank acquired the business of the Security Trust & Savings Bank, a national bank examiner called at the Security National Bank for the purpose of making an examination of its books as required by the national banking laws. The said national bank examiner found that in acquiring the business of the Security

Trust & Savings Bank, the Security National Bank had received certain classes of property, notes and securities, not permissible for a national bank to handle in its banking business under the national banking laws.

In order to comply with the directions of the Comptroller of the Currency in regard to the nonpermissible business taken over from the Security Trust & Savings Bank, the directors of the Security National Bank caused the petitioner to be organized under the laws of the State of South Dakota, with a capital stock of $100,000, divided into 1,000 shares of the par value of $100 each. The original incorporators of the petitioner were directors of the Security National Bank and all of the persons who subscribed for its capital stock were stockholders of the Security National Bank. None of the petitioner's stock was offered to or taken by any individual who was not a stockholder in the Security National Bank, but all of the stockholders of the Security National Bank did not buy stock of the petitioner, although they were given the privilege of subscribing thereto. The greater part of the stock of the petitioner not subscribed for by other stockholders of the Security National Bank, was purchased by W. Z. Sharp, who had been the president and the largest stockholder of the Security Trust & Savings Bank and who was the president and the largest stockholder of the Security National Bank. Sharp was the directing head and guiding influence in the policies and business of the petitioner and the Security National Bank.

The following table shows the stockholdings of the petitioner and the Security National Bank on December 31, 1919, but the proportions of holdings shown therein were not entirely uniform during the 10-month period ending December 31, 1919:

| Stockholder | Number of shares held | | Stockholder | Number of shares held | |
| --- | --- | --- | --- | --- | --- |
| | Security National Bank | Citizens Investment Co. | | Security National Bank | Citizens Investment Co |
| F. H. Hollister | 100 | 55 | John Barton | 141 | 67 |
| C. Fantle | 61 | 16 | J. B. Lambertson | 205 | 108 |
| John Mundt | 50 | 27 | W. Z. Sharp | 925 | 490 |
| E. B. Northrup | 25 | 14 | G. B. McMahon | 10 | 5 |
| Sam Speier | 35 | 20 | D. C. Lowe | 10 | 5 |
| Thomas McKinnon | 35 | 20 | J. V. Lowe | 5 | 2 |
| H. Loonan | 25 | 14 | H. E. Neeley | 35 | 18 |
| F. W. Koneman | 20 | 11 | Minority | 528 | |
| W. K. Van Brunt | 220 | 94 | | | |
| D. A. McCullough | 70 | 34 | | 2, 500 | 1, 000 |

358

On December 31, 1920, the capital stock of the petitioner and the Security National Bank was owned and held as follows:

| Stockholder | Number of shares held | | Stockholder | Number of shares held | |
|---|---|---|---|---|---|
| | Security National Bank | Citizens Investment Co. | | Security National Bank | Citizens Investment Co. |
| F. H. Hollister | 100 | 55 | John Barton | 147 | 67 |
| Chas. Fantle | 61 | 16 | J. B. Lambertson | 205 | 108 |
| John Mundt | 50 | 27 | W. Z. Sharp | 931 | 490 |
| E. B. Northrup | 25 | 14 | G. B. McMahon | 10 | 5 |
| Sam Speier | 35 | 20 | D. C. Lowe | 10 | 5 |
| Thomas McKinnon | 35 | 20 | J. V. Lowe | 5 | 2 |
| H. Loonan | 25 | 14 | H. E. Neeley | 35 | 18 |
| F. W. Koneman | 20 | 11 | Minority | 516 | ---- |
| W. K. Van Brunt | 220 | 94 | | | |
| D. A. McCullough | 70 | 34 | | 2,500 | 1,000 |

On December 31, 1921, the capital stock of the petitioner and the Security National Bank was owned and held as follows:

| Stockholder | Number of shares held | | Stockholder | Number of shares held | |
|---|---|---|---|---|---|
| | Security National Bank | Citizens Investment Co. | | Security National Bank | Citizens Investment Co. |
| F. H. Hollister | 100 | 136½ | J. B. Lambertson | 205 | 108 |
| Charles Fantle | 61 | 24 | W. Z. Sharp | 933 | 749 |
| John Mundt | 50 | 40½ | C. B. McMahon | 10 | 5 |
| E. B. Northrup | 25 | 21 | D. C. Lowe | 10 | 10½ |
| Sam Speier | 35 | 30 | J. V. Lowe | 5 | 3 |
| Thomas McKinnon | 35 | 30 | H. E. Neeley | 35 | 27 |
| H. Loonan | 25 | 21 | O. A. Bray | 5 | 3 |
| F. W. Koneman | 20 | 16½ | Minority | 506 | ---- |
| W. K. Van Brunt | 220 | 141 | | | |
| D. A. McCullough | 70 | 34 | | 2,500 | 1,500 |
| John Barton | 150 | 100 | | | |

There was an understanding among the stockholders of the petitioner that none of them would sell his shares of stock except to a stockholder of the Security National Bank. This understanding was not evidenced by any written instrument but it has never been violated.

For several years after the petitioner was organized it occupied, without payment of rent, a part of the bank building owned and used by the Security National Bank; its officers were also officers of the Security National Bank, and their entire salaries were paid by the bank. The petitioner was organized separately from the Security National Bank for the sole purpose of keeping that bank and its business within the legal bounds applying to national banks. The businesses of the petitioner and the Security National Bank were closely interrelated, and were carried on essentially as a unit during the 10-month period ended December 31, 1919, and the years 1920 and

1921, and a large part of the business of each corporation was due to its relations with the other.

The petitioner and the Security National Bank filed consolidated returns of income and invested capital for the 10-month period ended December 31, 1919, and for the years 1920 and 1921. Upon audit of the returns the respondent determined that the two institutions were not affiliated and asserted the deficiencies as hereinabove set forth.

The petitioner and the Security National Bank of Sioux Falls, S. Dak., were affiliated during the 10-month period ended December 31, 1919, and the calendar years 1920 and 1921.

*Judgment will be entered under Rule 50.*